UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| CHARLES COFFERY GODEAUX | * | CIVIL ACTION NO. 18-0929 |
| vs. | * | JUDGE TERRY A. DOUGHTY |
| MIKE TUBBS ET AL. | * | MAG. JUDGE KAREN L. HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion for summary judgment filed by Morehouse Parish Sheriff Mike Tubbs, Warden Carl Patrick, Nurse Brandon Goodson, and Nurse Daniel Pennington (collectively, "Defendants"). [doc. # 29]. For reasons set forth below, it is recommended that the motion be **GRANTED**.

## Background

Plaintiff Charles Godeaux, proceeding pro se and *in forma pauperis*, is a pre-trial detainee formerly house at the Morehouse Parish Jail in Louisiana. On July 16, 2018, he filed the above-captioned lawsuit pursuant to 42 U.S.C. § 1983 against Tubbs and Patrick, claiming (1) inmates are required to place outgoing mail in a cracker box, "waste gets on outgoing mail," and "mail is 'often' picked up by inmate workers and logged in by inmate workers"; (2) the food is unsanitary and food trays are covered in black mold; and (3) he has no access to law books. [doc. # 1].

On August 15, 2018 Plaintiff amended his Complaint, adding Goodson, Pennington, Mail Officer Patricia Sisk, Corporal White, and Lieutenant Richard Smith as defendants and raising the following additional claims: (1) he was denied glasses; (2) correctional officers dispense

1

medical without gloves and often drop pills on the floor, causing them to be contaminated; and (3) he did not receive two items of mail even though they were logged in. [doc. # 8].

On September 11, 2018, Plaintiff again amended his Complaint, adding Correctional Officer Butch Aulds, Deputy Higginbottom, and Lieutenant Chuck Lord as defendants. [doc. # 10]. He also raised a new claim: he has a "chronic heart condition with a pacemaker" and Tubbs, Patrick, Goodson, Pennington, Aulds, and Higginbottom refuse to allow him to see his heart doctor. (*Id.* at 6–8).

The Court conducted a preliminary screening of Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2) and dismissed his claims against Sisk, White, Smith, Aulds, Higginbottom, and Lord. The two remaining claims in this action are: (1) Plaintiff's claim against Tubbs and Patrick concerning the deprivation of incoming mail; and (2) Plaintiff's claim against Tubbs, Patrick, Goodson, and Pennington concerning his lack of glasses. [docs. # 12, 19].

On April 29, 2019, Defendants filed the instant motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. Defendants contend Plaintiff's suit should be dismissed because (1) Plaintiff failed to exhaust available administrative remedies as required by 42 U.S.C. § 1997e; and (2) the conduct alleged does not rise to the level of a Constitutional violation. (MSJ at 1, [doc. # 29-2]).

On May 8, 2019, Plaintiff filed an opposition to the motion, in which he stated he needed more time to conduct discovery to "review each fact which defendants contend is undisputed, identify facts that are not material to [his] claim, and show which material facts are genuinely disputed." [doc. # 31]. Plaintiff also filed a separate motion for a continuance [doc. # 32], which the Court denied, [doc. # 34]. Defendants did not file a reply.

## **Standard of Law**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under the applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact-finder could render a verdict for the nonmoving party. *Id.*

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). The moving party may meet its burden "by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002). If the nonmoving party is then unable to point to anything in the record to support its claim, summary judgment is appropriate. *Id.*

When considering the evidence in a motion for summary judgment, the court resolves factual disputes in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Alvarez v. City of Brownsville*, 904 F.3d 382, 389 (5th Cir. 2018). Rule 56 mandates the entry of summary judgment if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at

trial." *Celotex Corp.*, 477 U.S. at 322. In such a situation, there is "no genuine issue as to any material fact" because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323.

## Discussion

### I. Exhaustion Requirement

Pursuant to 42 U.S.C. § 1997e(a), as amended by the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This provision requires a prisoner to exhaust "available" administrative remedies, meaning those "grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'" *Ross v. Blake*, 136 S. Ct. 1850, 1858–59 (2016) (citations omitted). Exhaustion is mandatory "even where the relief sought . . . cannot be granted by the administrative process." *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). The requirement "applies to all inmate suits about prison life" as well as to claims against defendants in their official and individual capacities. *Shabazz v. Wyles*, No. CV 18-0124, 2018 WL 3653303, at *3 (W.D. La. July 12, 2018) (citing *Porter v. Nussle*, 534 U.S. 516, 532 (2002)). Proper exhaustion also requires that an inmate comply with administrative deadlines and procedural rules. *See Woodford*, 548 U.S. at 90–93.

An inmate must pursue the grievance process to its conclusion before filing a lawsuit. *Wilson v. Epps*, 776 F.3d 296, 301 (5th Cir. 2015). Thus, if a prison fails to timely respond at one step in the grievance process, an inmate must move on to the next step. *Id.* Only if the prison fails to respond at the last step of the grievance process may an inmate file suit. *Id.* "If

impediments to filing grievances render remedies unavailable at one facility, remedies may become available again once a prisoner has been transferred, unless there are other problems at the new facility." *Dillon v. Rogers*, 596 F.3d 260, 267 (5th Cir. 2010).

Ignorance of a prison's administrative grievance process is no excuse for noncompliance. *Shabazz*, 2018 WL 3653303, at *4. However, inmates should have an "avenue[] for discovering the procedural rules governing their grievances." *Dillon*, 596 F.3d at 268. If an inmate cannot verify the administrative grievance process, incorrect statements by prison officials may render remedies unavailable. *Id.*

The purpose of the exhaustion requirement is to afford "officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Porter*, 534 U.S. at 525. Although Section 1997e(a) does not specify the detail required in a given case, a grievance is sufficient if it "gives officials a fair opportunity to address the problem that will later form the basis of the lawsuit." *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004). Since exhaustion is an affirmative defense, the defendant bears the burden of establishing that the plaintiff failed to exhaust available administrative remedies. *Dillon*, 596 F.3d at 266.

**II.    Analysis**

In this case, the uncontroverted evidence establishes that Morehouse Parish Jail has a three step Administrative Remedy Procedure ("ARP") in place. (*See* MSJ Ex. C.1). Step One requires an offender to fill out a grievance form and give it to an employee or correctional officer for delivery to the Assistant Warden within thirty days of the alleged incident. The Assistant Warden then screens the grievance before assigning it to a Step One Respondent who responds within fifteen days. (*Id.* § 605.5(A)). If the offender is not satisfied with the Step One response,

he may proceed to Step Two by signing the bottom of the response to his grievance form and providing it to an employee or correctional officer within five days of his receipt of the response. The Assistant Warden reviews the decision and responds within twenty-five days after receiving the request for Step Two review. (*Id.* § 605.5(B)). If the offender is not satisfied with the Step Two response, he may appeal by signing the bottom of the Assistant Warden's review decision and returning the form to an employee or correctional officer within five days of receipt. The offender is notified in writing of the Warden's final decision within forty days after the Warden receives the appeal. (*Id.* § 605.5(C)). If the offender does not receive a response within the set time frame, he may move on to the next step in the ARP. (*Id.* § 605.6(A)).

Defendants claim Plaintiff was aware of the ARP but failed to exhaust available administrative remedies before filing suit. (MSJ at 4). In support of their motion, Defendants submit the ARP and a Declaration from Warden Patrick in accordance with 28 U.S.C. § 1746. (*See id.* §§ 605.1–.9; Patrick Decl., MSJ Ex. C). Patrick confirms the ARP is explained to all inmates and inmates can obtain a copy of the policy by request or in the facility law library. (Patrick Decl. ¶¶ 6–7). Patrick also states that he "never received a third-step request for review from" Plaintiff. (*Id.* ¶ 16).

Plaintiff acknowledges there was a grievance procedure in place at the time of the alleged incidents and attached ARPs to his Complaint. [doc. # 1 ¶ II; *see* docs. # 1-2 at 3–4, 6–10, 8-1 at 7]. He also does not dispute his failure to proceed to Step Two or Step Three. [*See* doc. # 8 at 7 (stating that he has received no response to his ARPs dated August 15 and November 12, 2017 regarding his nonreceipt of mail)]; [doc. # 10 at 3 (noting that he has not received a response to his ARP filed March 7, 2018 regarding his need to see an eye doctor and obtain glasses)].

6

Nonetheless, he claims to have exhausted his ARPs "through the highest level that he knows." [doc. # 8 at 9].

Defendants deny that Plaintiff submitted any of these ARPs. (MSJ at 4). However, regardless of whether Plaintiff did submit the ARPs, he did not satisfy the exhaustion requirement. The ARP form contains space for offenders to outline their grievances, for officers to include responses, and for offenders to accept the decision or reject the decision and continue with Step Two and Step Three. Plaintiff completed the portion of the forms designated for Step One but did not write in the spaces designated for the second or third steps. [*See* docs. # 1-2 at 3–4, 6–10, 8-1 at 7]. Assuming *arguendo* that Plaintiff did submit his grievances in accordance with Step One of Morehouse Parish Jail's ARP, it is clear that he did not proceed with Step Two or Step Three. His apparent ignorance that he could proceed to Step Two and Step Three despite not receiving a response to Step One is no excuse for his noncompliance. *See Shabazz*, 2018 WL 3653303, at *4.

Overall, the competent summary judgment evidence reveals that Morehouse Parish Jail has available administrative remedies, and Plaintiff did not pursue the grievance process to its conclusion before filing this lawsuit, as he was required to do. (*See* Patrick Decl.; MSJ Ex. C.1); *Wilson*, 776 F.3d at 301. Accordingly, the undersigned finds there is no dispute of any material fact, and Defendants are entitled to judgment as a matter of law for Plaintiff's failure to exhaust administrative remedies.

Because Plaintiff's claims should be dismissed on failure to exhaust grounds, the Court need not address Defendants' remaining arguments.

## Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Defendants' motion for summary judgment [doc. # 29] be **GRANTED** and Plaintiff's claims be **DISMISSED** without prejudice, but with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915.[1]

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before making a final ruling.

**Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, shall bar an aggrieved party, except on grounds of plain error, from attacking on appeal the unobjected-to factual findings and legal conclusions accepted by the District Judge.**

In Chambers, Monroe, Louisiana, this 15th day of July 2019.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

---

[1] *Fitch v. LA Dept of Pub. Safety & Corr.*, No. CIV.A. 08-CV-1126, 2009 WL 1076749, at *3 (W.D. La. Apr. 20, 2009) (citing cases and dismissing Plaintiff's complaint with prejudice for the purpose of proceeding in forma pauperis).

8